IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01146-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 23 2008

GREGORY C. LANGHAM
                    CLERK

MARVIN G. DJONNE, JR.,

Plaintiff,

v.

(C.D.O.C.) COLORADO DEPARTMENT OF CORRECTIONS,
FREMONT CORRECTIONAL FACILITY,
FREMONT CORRECTIONAL FACILITY (MEDICAL DEPARTMENT ENTIRETY),
LT. DEPE,
CORRECTIONAL OFFICER RAYMOND LOPEZ,
(C.D.O.C.) TRANSPORT,
LT. JAMES HARDING, and
FREMONT CORRECTIONAL FACILITY (WARDEN),

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Marvin G. Djonne, Jr., is a prisoner in the custody of the Colorado Department of Corrections at the Fort Lyon Correctional Facility at Fort Lyon, Colorado. Mr. Djonne initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. On June 20, 2008, he filed an amended Prisoner Complaint on the proper form. The court must construe the amended complaint liberally because Mr. Djonne is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Djonne will be ordered to file a second amended complaint.

The court has reviewed Mr. Djonne's amended complaint and finds that it is deficient. First, it appears that some of the Defendants identified by Mr. Djonne in the caption of the amended complaint are not proper Defendants in this action. Mr. Djonne is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It does not appear that the Defendants identified in the caption of the amended complaint as "Fremont Correctional Facility," "Fremont Correctional Facility (Medical Department Entirety)," and "(C.D.O.C.) Transport" are persons subject to suit pursuant to § 1983. Therefore, Mr. Djonne will be directed to file a second amended complaint that clarifies who he is suing. Mr. Djonne should name as Defendants in the second amended complaint the persons he believes actually violated his constitutional rights.

Mr. Djonne also fails to set forth clearly the specific claims for relief he is asserting against each Defendant and he fails to assert specific facts that demonstrate how each Defendant personally participated in the alleged violations of his rights. Instead, Mr. Djonne makes factual allegations describing various incidents and apparently expects the court to determine what specific claims may be supported by those factual allegations and against which Defendant or Defendants those claims are being asserted. That is not the court's responsibility.

Mr. Djonne is advised that, in order to state a claim in federal court, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E.*

2

*Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Djonne must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Accordingly, it is

ORDERED that Mr. Djonne file **within thirty (30) days from the date of this order** an original and sufficient copies of a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Djonne, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Djonne fails to file an original and sufficient copies of a second amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED July 23, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01146-BNB

Marvin G. Djonne, Jr.
Prisoner No. 108551
Fort Lyon Corr. Facility
PO Box 1000
Fort Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 7/23/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk