IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01146-BNB

MARVIN G. DJONNE, JR.,

   Plaintiff,

v.

(C.D.O.C.) SEX OFFENDER TREATMENT MANAGEMENT PROGRAM (Entirety),
(C.D.O.C.) AIC-ADA DEPARTMENT (Entirety), and
CATHIE HOLST, AIC-ADA Inmate Coordinator,

   Defendants.



F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 29 2008

GREGORY C. LANGHAM
                    CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Marvin G. Djonne, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fort Lyon Correctional Facility at Fort Lyon, Colorado. Mr. Djonne initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. On June 20, 2008, Mr. Djonne filed an amended Prisoner Complaint on the proper form. On July 23, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Djonne to file a second amended complaint to clarify who he is suing, to clarify the claims he is raising, and to allege specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations. On August 21, 2008, Mr. Djonne filed his second amended Prisoner Complaint.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the second amended complaint because Mr. Djonne is a prisoner and he is seeking redress from

an officer or employee of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the second amended complaint, or any portion of the second amended complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the second amended complaint in part as legally frivolous.

The Court must construe the second amended complaint liberally because Mr. Djonne is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Djonne asserts two claims for relief in the second amended complaint. He first claims that he was terminated from the DOC sex offender treatment program without due process and that he still is being denied the opportunity to participate in the sex offender treatment program. Mr. Djonne's first claim apparently is asserted against the Defendant identified as "(C.D.O.C.) Sex Offender Treatment Management Program (Entirety)." Mr. Djonne's second claim is an Eighth Amendment cruel and unusual punishment claim in which he alleges that he has been denied the use of a wheelchair

2

and other necessary medical equipment and a proper facility placement for his medical needs. The second claim is asserted against Defendants Cathie Holst and "(C.D.O.C.) AIC-ADA Department (Entirety)."

As noted above, one of the reasons Magistrate Judge Boland ordered Mr. Djonne to file a second amended complaint was to clarify who he is suing in this action. Magistrate Judge Boland noted that three of the named Defendants in Mr. Djonne's amended complaint were not persons subject to suit under 42 U.S.C. § 1983. Magistrate Judge Boland specifically advised Mr. Djonne to name as Defendants in his second amended complaint the persons he believes actually violated his constitutional rights because § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).

In his second amended complaint, Mr. Djonne names as Defendants a program and a department that are not persons subject to suit under § 1983. Those two Defendants are identified as "(C.D.O.C.) Sex Offender Treatment Management Program (Entirety)" and "(C.D.O.C.) AIC-ADA Department (Entirety)." These two Defendants will be dismissed as parties to this action because they are not persons subject to suit under § 1983. Mr. Djonne's first claim for relief also will be dismissed as legally frivolous because that claim is not asserted against any proper Defendant.

The Court will not address at this time the merits of Mr. Djonne's second claim for relief that is asserted against Defendant Holst. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

3

ORDERED that Defendants "(C.D.O.C.) Sex Offender Treatment Management Program (Entirety)" and "(C.D.O.C.) AIC-ADA Department (Entirety)" are dismissed as parties to this action because they are not persons subject to suit under 42 U.S.C. § 1983. It is

FURTHER ORDERED that the first claim for relief in the second amended complaint is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1) because the claim is not asserted against any proper Defendant. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 28 day of Aug., 2008.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01146-BNB

Marvin G. Djonne, Jr.
Prisoner No. 108551
Fort Lyon Corr. Facility
PO Box 1000
Fort Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/29/08.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk